UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN A. REGEL, *individually and on behalf of himself and all others similarly situated*,

    *Plaintiff*,

v.

CAMPBELL SOUP COMPANY,
SNYDER'S-LANCE, INC.,

    *Defendants*.

---

CAMPBELL SOUP COMPANY,
SNYDER'S-LANCE, INC.,

    *Counter Claimants*,

v.

SEAN A. REGEL, *individually and on behalf of himself and all others similarly situated*,

    *Counter Defendant*.

No. 24-CV-6541 (KMK)

ORDER & OPINION

Appearances:

Elisa Egonu, Esq.
Morgan, Lewis & Bockius LLP
New York, NY
*Counsel for Defendants-Counter Claimants*

Sari M. Alamuddin, Esq.
Eric Michael Makinen, Esq.
Morgan, Lewis & Bockius LLP
Chicago, IL
*Counsel for Defendants-Counter Claimants*

Alex M. Tomasevic, Esq.
Craig Nicholas, Esq.
Patsy Jordan Belcastro, Esq.
Shaun Markley, Esq.

Nicholas & Tomasevic, LLP
San Diego, CA
*Counsel for Plaintiff-Counter Defendant*

Douglas Gregory Blankinship, Esq.
Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
White Plains, NY
*Counsel for Plaintiff-Counter Defendant*

KENNETH M. KARAS, United States District Judge:

Sean A. Regel ("Plaintiff," "Counter Defendant," or "Regel") brings this Action against the Campbell Soup Company and Synder's-Lance, Inc. ("S-L") (together, "Defendants" or "Counter Claimants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New York Labor Law ("NYLL") stemming from Defendants' misclassification of Plaintiff and a putative FLSA collective. (*See generally* Compl. (Dkt. No. 1).) Defendants contend they have properly classified the collective and bring a contingent counterclaim (the "Counterclaim") for unjust enrichment. (*See* Counterclaim (Dkt. No. 21).) Before the Court is Plaintiff's Motion to Dismiss the Counterclaim (the "Motion"). (*See* Not. of Mot. (Dkt. No. 36).) For the reasons discussed below, the Motion is denied.

I. Background

A. Factual Background

The following facts are drawn from Defendants' Counterclaim and are assumed true for the purpose of resolving the instant Motion. *See Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir. 2023).

S-L is a North Carolina corporation with its principal place of business in Camden, New Jersey. (Counterclaim ¶ 1.) Regel resides in Westchester County, New York. (*Id.* ¶ 2.)

In June 2011, Regel executed a Distributor Agreement (the "Agreement") to purchase from S-L Distribution Company, a predecessor of S-L, the right to purchase, sell, and distribute

2

certain snack products within a specific geographic territory.  (*Id.* ¶¶ 6–7; *see also* Distributor Agreement (Dkt. No. 23).)  The Agreement provides that Regel was an independent contractor.  (Counterclaim ¶¶ 10–12.)  As an independent contractor, Regel agrees "to bear all the costs and expenses of operating his business" and retains rights to control his business, including as to schedule, equipment, and employees.  (*See id.* ¶¶ 14–22.)  Any determination by a court that Regel is not an independent contractor "shall entitle either party to immediately declare th[e] Agreement null and void."  (*Id.* ¶ 13.)  Defendants allege that, if Regel was an employee, he "would not have enjoyed many of the rights and benefits" afforded to an independent contractor.  (*Id.* ¶ 23.)  Defendants further allege that, if the Court finds that Regel was an employee, "the purpose of the Distributor Agreement that . . . Regel executed would be frustrated, such that it should be declared void."  (*Id.* ¶ 26.)

B.  Procedural Background

Plaintiff initiated this Action on August 29, 2024.  (*See* Compl.)  On November 12, 2024, Defendants filed their Answer and Counterclaim.  (*See* Dkt. No. 21.)  On December 18, 2024, the Court set a briefing schedule on the Plaintiff's Motion.  (*See* Dkt., minute entry dated December 18, 2024.)  On January 8, 2025, Plaintiff filed this instant Motion.  (*See* Not. of Mot.; Regel's Mem. in Supp. ("Regel Mem.") (Dkt. No. 37).)  On January 31, 2025, Defendants filed their Opposition.  (*See* Defs' Mem. in Opp. ("S-L Opp.") (Dkt. No. 38).)  On February 14, 2025, Plaintiff filed his Reply.  (*See* Regel's Reply Mem. in Supp. ("Regel Reply") (Dkt. No. 41).)

II.  Discussion

A.  Standard of Review

"In considering a motion to dismiss a counterclaim, the [C]ourt applies the same standards as a motion to dismiss a complaint."  *Travelers Cas. Ins. Co. of Am. v. Blizzard Busters*

*Snowplowing Corp.*, No. 21-CV-8220, 2023 WL 8543447, at *4 (S.D.N.Y. Dec. 11, 2023) (quoting *Zurich Am. Life Ins. Co. v. Nagel*, 571 F. Supp. 3d 168, 175 (S.D.N.Y. 2021)); *see also PharmacyCheck.com v. Nat'l Ass'n of Bds. Of Pharmacy*, 629 F. Supp. 3d 116, 127 (S.D.N.Y. 2022) (applying the standard of review applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to the plaintiff's motion to dismiss the defendant's counterclaims).

The Supreme Court has held that while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks and citation omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration adopted) (internal quotation marks and citation omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570. However, if a plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-

4

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alteration adopted) (internal quotation marks and citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

B.  Analysis

Regel argues that Defendants fail to state a claim and are attempting to "circumvent" their statutory obligations, (*see* Regel Mem. 4–9), they have not established the third element of an unjust enrichment claim, (*see id.* 9–10), the *Noerr-Pennington* doctrine bars the counterclaim, (*see id.* 10–14), and their request for attorneys' fees and costs is "unsupportable," (*see id.* 14). The Court addresses each argument in turn.

5

1. Failure to State a Claim

Regel's first argument is opaque. Regel makes numerous arguments of limited effect that assert that the Counterclaim is an attempt to "claw back" wages. (*See* Regel Reply 4.) The Court is not persuaded.

Regel initially argues that the Counterclaim makes a "baseline presumption[] that [S-L] can label [its] way out of an employment relationship and contractually bind its workers to forego wages." (Regel Mem. 5.) That is a misreading of the Counterclaim, as the unjust enrichment claim does not presume anything of the sort. Rather, the Counterclaim is explicitly, and permissibly, pled in the alternative to the argument that Regel is properly an independent contractor and not an employee. (*See* Counterclaim ¶¶ 33–37.) To the extent Regel asserts that the Counterclaim is inconsistent with Defendants' position that Regel is an independent contractor, this argument "runs headlong into Rule 8, which expressly permits the pleading of inconsistent claims and defenses." *Tal Dagan MD PC v. Resols. Billing & Consulting, Inc.*, No. 24-CV-632, 2024 WL 5089276, at *4 (S.D.N.Y. Dec. 12, 2024); *see also* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses it has, regardless of consistency."); Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1283 (4th ed.) ("A defendant also may assert counterclaims in its answer that are inconsistent with defenses raised in the same answer."). Regel offers no reason to doubt that "[a] defendant may assert a counterclaim that is inconsistent with an affirmative defense raised in the same pleading." *Tal Dagan*, 2024 WL 5089276, at *4 (quoting *Jewish Sephardic Yellow Pages, Ltd. v. DAG Media, Inc.*, 478 F. Supp. 2d 340, 355 (E.D.N.Y. 2007)).

Regel next moves to an argument that the Counterclaim attempts to "circumvent" the obligations of paying overtime and other wages. (Regel Mem. 5.) Regel cites out-of-circuit

6

caselaw for the proposition that "[t]he FLSA [does] not countenance creative bookkeeping schemes . . . to avoid paying required overtime premiums." (*See id.* 6–7.) That may be true, but Regel is wrong that this Counterclaim "is no different [from] any of the frequently rejected pay schemes that discretely [sic] seek to immunize an employer from mandated overtime obligations." (*Id.* 8.) The cases that Regel cites discuss defendants' attempts to contract and calculate around their obligation to compensate workers for overtime. *See Thompson v. Regions Sec. Servs., Inc.*, 67 F.4th 1301, 1309–10 (11th Cir. 2023) (discussing a defendant's use of "prohibited arithmetic" to "slash[] [plaintiff's] non-overtime hourly rate to avoid paying him an overtime rate"); *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 996–97 (9th Cir. 2017) (finding that defendant's "pay plan allows it to skirt the full burden of the FLSA's overtime pay requirement"). Here, however, the Counterclaim does not concern past accounting practices but focuses on liability for unjust enrichment upon the Court's finding that Regel is an employee. Regel offers no caselaw suggesting that the filing of a counterclaim for unjust enrichment is akin to such schemes by employers, and the Court has found none. Regel also lays out a hypothetical that he claims demonstrates that the Counterclaim is the kind of "creative bookkeeping" that the FLSA prohibits. (*See* Regel Mem. 8.) The hypothetical is unavailing. Regel does not cite any caselaw supporting his hypothetical's methodology of calculating wages and overtime. (*See generally id.* 7–9.) Regel does cite the FLSA's requirement that an employee be compensated at an overtime rate for hours worked in excess of 40, (*see id.* 8 (citing 29 U.S.C. § 207(a)), but that statutory provision does support Regel's calculations. Again, the Counterclaim is contingent upon the Court finding that Regel he has "retained" "revenue, profits, or earnings . . . that exceed[] any award of damages to which . . . Regel may be entitled if the Court deems him to be an employee." (Counterclaim at ECF 47.) Regel does not cogently argue that the hypothetical is

7

the only way to calculate damages in this Action, and therefore he does not meet his burden of showing that there is "no set of facts . . . that would entitle [Defendants] to relief." *Franze v. Bimbo Foods Bakeries Distrib., LLC*, No. 17-CV-3556, 2019 WL 1244293, at *1 (S.D.N.Y. Mar. 15, 2019) (quoting *Purjes v. Plausteiner*, No. 15-CV-2515, 2016 WL 552959, at*7 (S.D.N.Y. Feb. 10, 2016)); *see also Weinstein v. Rexall Sundown, Inc.*, No. 21-CV-5378, 2024 WL 4250353, at *8 (E.D.N.Y. Aug. 26, 2024) (finding that an argument that "plaintiffs cannot plausibly allege that the defendants gained an unjust benefit" was an argument that "goes to the core of the underlying allegations, a determination of which cannot be made at the pleading stage").[1]

Defendants argue that the Motion is premature because "the Court has yet to determine whether Regel is even an employee." (S-L Opp. 6.) In response, Regel asserts that the Motion is not premature because the Court must take the Counterclaim's factual allegations as true. (*See* Regel Mem. 9; Regel Reply 2 & n.2.) The Court finds that Defendants are closer the mark. True, the Court accepts the Counterclaim's factual allegations as true in deciding the instant Motion. *See Buon*, 65 F.4th at 69 n.1. And it is also true that "[a] counterclaim is facially plausible 'when the counterclaim plaintiff pleads factual content that allows the court to draw the reasonable inference that the counterclaim defendant is liable for the misconduct alleged.'"

---

[1] Regel makes much hay of Defendants' alleged attempt to "offset" any judgment against them. (*See* Regel Mem. 8; Regel Reply 4.) But offsets, also called "set-offs," "are permissible so long as there is an independent cause of action upon which to seek them." *Kelly v. 21 Grp. Inc.*, No. 22-CV-226, 2023 WL 12027882, at *6 (E.D.N.Y. Mar. 31, 2023) (collecting cases that discuss offsets in the context of the FLSA). Regel also argues that, "[p]roperly understood, the Counterclaim does not seek to recoup amounts that 'exceeds any award of damages,' it seeks to annul and offset any damages awarded by reducing Plaintiff's wages which is impermissible." (Regel Reply 4.) On the contrary, Defendants do not need to "provide any real world example for how their theory . . . functions," (*id.*); rather, they need only plead the elements of their cause of action and demonstrate entitlement to the relief requested. The Court discusses these issues below. (*See* infra Section II.B.2.)

8

*Franze*, 2019 WL 1244293, at *1 (quoting *Iqbal*, 556 U.S. at 678) (alterations adopted). Regel's argument is less about the specific factual allegations here than a broadside attack against the concept of claims pled in the alternative or contingent counterclaims. That, however, is simply not enough to carry Regel's burden as movant. Until the Court rules on the underlying substance of Regel's claims, "dismissal of the unjust enrichment [counterclaim] would be improper." *Id.* at *3 (denying a motion to dismiss an unjust enrichment counterclaim in the FLSA context because the court had not yet ruled on whether the workers were employees or whether the defendant employer had violated the FLSA and NYLL).

    2. Unjust Enrichment

Unjust enrichment "lies as a quasi-contract claim" that "contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties." *Georgia Malone & Co. v. Rieder*, 973 N.E.2d 743, 746 (N.Y. 2012) (internal quotation marks and citation omitted). The claim is available "only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). Notably, "[u]nder New York law, a plaintiff may not recover under quasi-contract claims such as unjust enrichment where an enforceable contract governs the same subject matter." *Goldberg v. Pace Univ.*, 535 F. Supp. 3d 180, 198 (S.D.N.Y. 2021); *see also Stanley v. Direct Energy Servs., LLC*, 466 F. Supp. 3d 415, 430–31 (S.D.N.Y. 2020) (gathering authorities for the proposition that "where the validity of a contract that governs the subject matter at issue is not in dispute, and the claimant alleges breach of the contract, the claimant cannot plead unjust enrichment in the alternative under New York law"). "The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was

enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Hudson Neurosurgery, PLLC v. UMR, Inc.*, No. 20-CV-9642, 2022 WL 902107, at *5 (S.D.N.Y. Mar. 28, 2022) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004)). "The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Pauwels v. Bank of N.Y. Mellon Corp.*, No. 19-CV-2313, 2025 WL 1880742, at *4 (S.D.N.Y. July 8, 2025) (quoting *Paramount Film Dist. Corp. v. State*, 30 N.Y.2d 415, 421 (1972)).

Plaintiff argues that Defendants have failed to plead the third element of an unjust enrichment claim because equity and good conscience do not permit "the parties to self-define an independent contractor relationship and agree to forego employment rights guaranteed by law." (Regel Mem. 10.)

The Court finds that Defendants have plausibly alleged the third element of their unjust enrichment claim. "Typical cases [where restitution for unjust enrichment is available] are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled." *Yodice v. Touro Coll. & Univ. Sys.*, 767 F. Supp. 3d 86, 95 (S.D.N.Y. 2025) (quoting *Corsello*, 967 N.E.2d at 1185). Defendants allege that "equity and good conscience require that S-L be awarded the value of earnings associated with . . . Regel's independent contractor status in order to offset any award of damages . . . to which . . . Regel may be entitled as a purported employee." (Counterclaim ¶ 36.) Drawing inferences in Defendants' favor, the Court finds they have plausibly alleged circumstances in which equity and good conscience would counsel against permitting Regel to retain earnings in excess of those to which he would be entitled. *See Haller v. Usman*, No. 24-CV-977, 2025 WL 605572, at *11 (S.D.N.Y. Feb. 25,

10

2025) (finding that, where it was plausibly alleged that "[the defendant] received more than they paid for from [the plaintiff] for his services[,] [e]quity and good conscience can require restitution"); *cf. Franze*, 2019 WL 1244293, at *2–3 (finding that a similar unjust enrichment counterclaim in the FLSA context survived a motion to dismiss).

Regel's arguments to the contrary are unavailing. Regel, as with his other arguments, jumps to the merits and substance of his own claim and argues that there is no unjust enrichment claim where the parties to a contract "agree to forego employment rights guaranteed by law." (Regel Mem. 10.) That argument does not address whether equity and good conscience can permit Regel to retain earnings in excess of that which he would have retained as an employee. Indeed, "[a]ll New York law requires at this stage is that a plaintiff plead that the defendant was enriched, that the enrichment came at the plaintiff's expense, and that the enrichment was unjust. That burden is met here." *Glidepath Holding B.V. v. Spherion Corp.*, 590 F. Supp. 2d 435, 461 (S.D.N.Y. 2007) (citing, inter alia, *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)).[2]

That being said, the Court is concerned by the possibility that permitting an unjust enrichment counterclaim in the FLSA context may chill FLSA actions. The Court notes that neither Party addresses or cites to *Provencher v. Bimbo Bakeries USA, Inc.*, 705 F. Supp. 3d 238 (D. Vt. 2023), in which the court found that an employer's unjust enrichment counterclaim was preempted by the FLSA. *Id.* at 252–58. The Parties also miss *Herman v. RSR Security Services,*

---

[2] Regel argues that the allegations supporting this element are conclusory. (*See* Regel Reply 7.) The cited case, *Tasini v. AOL, Inc.*, 851 F. Supp. 2d 734 (S.D.N.Y. 2012), is inapposite. The court dismissed a claim for unjust enrichment because "equity and good conscience counsel against retroactively altering the parties' clear agreements." *Id.* at 740. In contrast, here, the Counterclaim is premised on an agreement that, while clear, must be deemed void in order for the unjust enrichment claim to move forward. The Court does not find *Tasini* to be sufficiently similar to the instant Action and Counterclaim such that its holding and reasoning is persuasive here. Further, the Court does not find that Defendants' allegations are conclusory; rather, it finds that the factual allegations are specific, as opposed to general, and plausible.

11

*Ltd.*, 172 F.3d 132 (2d Cir. 1999), the Second Circuit decision that the *Provencher* court found supported its holding and which concerns the availability of certain rights of action under the FLSA.  *Id.* at 140–44.  While these cases raise the possibility that the Counterclaim is preempted by the FLSA, the Court declines to address the issue without the benefit of briefing, which the Parties can do in connection with any summary judgment motion.

    3.  *Noerr-Pennington* Doctrine

The *Noerr-Pennington* doctrine "generally immunizes from liability a party's commencement of a prior court proceeding[]."  *Roelcke v. Zip Aviation, LLC*, 571 F. Supp. 3d 214, 234 (S.D.N.Y. 2021) (quoting *T.F.T.F. Cap. Corp. v. Marcus Dairy, Inc.*, 312 F.3d 90, 93 (2d Cir. 2002)).  "That doctrine has its roots in antitrust cases," *Black v. Ganieva*, No. 21-CV-8824, 2022 WL 2354916, at *21 (S.D.N.Y. June 30, 2022), and initially provided that "defendants are generally immune from antitrust liability for engaging in litigation, even if the litigation might have anticompetitive effects," *Nat'l Jewish Democratic Council v. Adelson*, 417 F. Supp. 3d 416, 430 (S.D.N.Y. 2019).  The doctrine has since been "extended to the petitioning of courts and administrative bodies through good faith litigation."  *In re Actos End-Payor Antitrust Litig.*, 417 F. Supp. 3d 352, 374 (S.D.N.Y. 2019) (citing *Primetime 24 Joint Venture v. Nat'l Broad. Co.*, 219 F.3d 92, 99 (2d Cir. 2000)), *aff'd sub nom. United Food & Com. Workers Loc. 1776 & Participating Emps. Health & Welfare Fund v. Takeda Pharm. Co. Ltd.*, 11 F.4th 118 (2d Cir. 2021); *see also Baptiste-Elmine v. Richland & Falkowski, PLLC*, No. 21-CV-4994, 2025 WL 974346, at *12 (E.D.N.Y. Apr. 1, 2025) ("The *Noerr-Pennington* doctrine has been extended to 'all petitioning activity,' including 'concerted efforts incident to litigation, such as pre-litigation threat letters and settlement offers.'" (quoting *Singh v. NYCTL 2009-A Tr.*, 63 F. App'x 76, 77 (2d Cir. 2017))).  "[A]n exception to *Noerr-Pennington* immunity exists if the

litigation is 'a mere sham to cover . . . an attempt to interfere directly with the business relationships of a competitor.'" *Nat'l Jewish Democratic Council*, 417 F. Supp. 3d at 430 (quoting *Pro. Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 51 (1993)); *see also Cambridge Cap. LLC v. Ruby Has LLC*, 565 F. Supp. 3d 420, 475 (S.D.N.Y. 2021) (characterizing the sham exception as applying "when it is (1) objectively baseless and (2) intended to cause harm to the defendant through the use [of] governmental process—as opposed to the outcome of that process" (citation, quotation marks, and emphases omitted)).

      Regel claims that "[the] doctrine applies in the labor context," and cites Supreme Court cases that concern the National Labor Relations Act. (Regel Mem. 11 (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731 (1983), and *BE & K Const. Co v. NLRB*, 536 U.S. 516 (2002)).) The citations are inapposite, as neither case establishes an expansion of the doctrine that would encompass this Action, namely, to cover contract or quasi-contract claims. Indeed, "[t]he Second Circuit has not firmly resolved the parameters of *Noerr-Pennington* immunity outside the antitrust context." *Black*, 2022 WL 2354916, at *22; *see also LightSquared Inc. v. Deere & Co.*, No. 13-CV-8157, 2014 WL 345270, at *4 (S.D.N.Y. Jan. 31, 2014) ("The Second Circuit 'has yet to decide whether the *Noerr-Pennington* doctrine . . . must be applied mechanically in cases outside the antitrust area.'" (quoting *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 701 F. Supp. 2d 568, 594 (S.D.N.Y. 2010))). The Court has not found any court in the Second Circuit that has applied the doctrine to contract claims. *See LightSquared*, 2014 WL 345270, at *4 ("[T]he doctrine has not been applied to breach of contract claims by any district court in the Circuit."). Moreover, out-of-circuit courts have rejected the doctrine's application to claims sounding in contract. *See id.* (collecting cases); *see also Habitat for Human. Int'l, Inc. v. Morris*, No. 19-CV-456, 2021 WL 4974837, at *6 (M.D. Fla. Oct. 26, 2021) (citing *Microsoft*

*Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1048 (9th Cir. 2015), for the proposition that "the *Noerr-Pennington* doctrine, which is a corollary of the Petition Clause, does not immunize parties against breach-of-contract claims"). Accordingly, the Court is disinclined to find that the *Noerr-Pennington* doctrine applies given the dearth of caselaw applying the doctrine to preclude contract or quasi-contract claims and the presence of out-of-circuit caselaw indicating the doctrine does not apply.[3]

    4.  Attorneys' Fees and Costs

Regel argues that "Defendants' request for attorney[s'] fees and costs is unsupportable" because there is no contractual provision or statute entitling such recovery. (Regel Mem. 14.) Defendants respond that the argument is premature. (S-L Opp. 14–15.)

Regel cites the "American Rule," which provides that "the prevailing party may not collect [attorneys' fees and costs] from the loser unless an award is authorized by agreement between the parties or by statute or court rule." *Kornea v. Miller*, No. 22-CV-4454, 2024 WL 1935912, at *5 (S.D.N.Y. Apr. 5, 2024) (citation omitted), *report and recommendation adopted*,

---

[3] Regel asserts that the *Noerr-Pennington* doctrine "prohibit[s] counterclaims . . . that only arise from the plaintiff's filing of the lawsuit." (Regel Mem. 12.) Regel's first cited case, *Singh*, is unhelpful because, as Regel admits, it "does not involve a counterclaim." (*Id.*) Regel also cites *Government Employees Insurance Co. v. Hazel*, No. 11-CV-410, 2014 WL 4628655 (E.D.N.Y. Aug. 11, 2014), *report and recommendation adopted*, 2014 WL 4628661 (E.D.N.Y. Sept. 15, 2014), for the proposition that "courts routinely strike counterclaims that are predicated on holding the plaintiff liable for bringing a lawsuit," (Regel Mem. 12 (citing *Hazel*, 2014 WL 4628655, at *16)). But the *Hazel* court dismissed the counterclaims because the counter claimant "fail[ed] to plead facts in support of the second element of the *Noerr* sham-litigation exception." *Hazel*, 2014 WL 4628655, at *18. Here, neither Party asserts that the sham exception applies. (*See* Regel Mem. 13; *see generally* S-L Opp.) Regel's citation to *Cambridge Capital LLC* is similarly unavailing because it concerns tortious interference counterclaims, to which "[c]ourts routinely apply the *Noerr-Pennington* doctrine." 565 F. Supp. at 475 (quoting *Lewin v. Richard Avedon Found.*, No. 11-CV-8767, 2015 WL 3948824, at *27 (S.D.N.Y. June 26, 2015)). In contrast, and as discussed above, it is not well-settled that the doctrine applies to the type of counterclaim asserted here.

2024 WL 1932857 (S.D.N.Y. May 2, 2024); *see also DiMartile v. Hochul*, 80 F.4th 443, 450 (2d Cir. 2023) (describing the "longstanding 'American Rule' that 'the prevailing litigant is ordinarily not entitled to collect counsel fees from the loser'" (quoting *Sole v. Wyner*, 551 U.S. 74, 77 (2007))). But Defendants correctly point out that, even under the American Rule, "courts retain the equitable authority to award fees in cases where an express exception to the American Rule is satisfied" and that "dismissal of such claims at the pleading stage would be premature." *OneWest Bank N.A. v. Lehman Bros. Holding Inc.*, No. 14-CV-8916, 2015 WL 1808947, at *3 (S.D.N.Y. Apr. 20, 2015); *see also Toussie v. Allstate Ins. Co.*, No. 15-CV-5235, 2019 WL 2082462, at *6 (E.D.N.Y. May 13, 2019) (noting courts' equitable power to make awards and citing, inter alia, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)). Regel claims in response that "it is contrary to the policies of Rule 12" to permit a claim for attorneys' fees and costs to proceed past motion to dismiss in circumstances similar to this Action. (*See* Regel Reply 10 n.2.) Regel's argument cannot stand in the face of numerous courts' finding that dismissal at this stage would be premature. *See, e.g.*, *Cockburn Farm, LLC v. Neville*, No. 23-CV-10616, 2024 WL 4519934, at *4 (S.D.N.Y. Oct. 16, 2024); *eShares, Inc. v. Talton*, 727 F. Supp. 3d 482, 500 (S.D.N.Y. 2024); *Frio Energy Partners, LLC v. Fin. Tech. Leverage, LLC*, 680 F. Supp. 3d 322, 353 (S.D.N.Y. 2023); *Patel v. Singh*, No. 21-CV-759, 2023 WL 2262792, at *6 (E.D.N.Y. Feb. 28, 2023); *Porrini v. McRizz, LLC*, No. 19-CV-3979, 2020 WL 1676101, at *7 (E.D.N.Y. Apr. 6, 2020); *cf. Lane Coder Photography, LLC v. Hearst Corp.*, No. 22-CV-5071, 2023 WL 5836216, at *7 (S.D.N.Y. Sept. 8, 2023) (finding that dismissal of claims for attorneys' fees and costs was warranted where the complaint contained no factual allegations that established entitlement to damages).

### III.  Conclusion

For the reasons set forth above, the Motion is denied.  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 36.

SO ORDERED.

Dated:   September 25, 2025
            White Plains, New York

_____
KENNETH M. KARAS
United States District Judge