
# NICHOLAS & TOMASEVIC LLP

ATTORNEYS AT LAW

Tel: 619-325-0492  
Fax: 619-325-0496

225 Broadway, 19th Floor  
San Diego, CA 92101

November 17, 2025

**VIA CM/ECF**

Hon. Kenneth M. Karas, U.S.D.J.  
United States District Court for the Southern District of New York  
300 Quarropas Street  
White Plains, NY 10601

      Re:    ***Regel v. Campbell Soup Company, et al.*,**  
            **Case No. 7:24-cv-06541-KMK (S.D.N.Y)**  
            **Plaintiff's Letter Motion to File Documents Under Seal**

Dear Hon. Judge Karas:

      We represent Plaintiff Sean A. Regel ("Plaintiff") in the above-referenced action and write pursuant to Your Honor's Individual Rules of Practice and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions to respectfully request that certain exhibits appended to the Declaration of Jordan Belcastro in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment be filed under seal, with viewing access granted only to Selected Parties. Defendants consent to this request.

      Certain Exhibits to the Belcastro Declaration have been designated as "Confidential" pursuant to the Parties' agreed-upon confidentiality stipulation in this matter. ECF No. 49. Specifically, Defendants designated **Exhibits 3, 6, 7, 8, and 9** to the Belcastro Declaration as "Confidential," and certain non-party subpoena recipients designated **Exhibits 5 and 10** to the Belcastro Declaration as "Confidential." The Parties conferred regarding the filing of these documents, and it is the Parties' position that they need to be filed under seal due to the confidential nature of their content. These documents include contracts between Defendants and nonparties to this litigation, as well as documents reflecting those nonparties' internal policies – materials that the nonparties themselves have designated as confidential. Accordingly, they may properly be treated as confidential by this Court and filed under seal. *See, e.g., Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 4346174 at *2 (S.D.N.Y. Sept. 2, 2014) (allowing documents containing confidential information concerning the business relationship between defendant and a non-party entity to be filed under seal); *see also Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2015 WL 4298572, at *4-6 (S.D.N.Y. July 15, 2015). Plaintiff takes no position on these authorities, which were supplied by Defendants' counsel; Plaintiff does not oppose Defendants' request to seal Exhibits 3, 5, 6, 7, 8, 9, and 10.



November 17, 2025
Re: Plaintiff's Letter Motion to File Documents Under Seal
Page 2

    Therefore, Plaintiff files these documents under seal pursuant to the Parties' confidentiality stipulation, and in accordance with Your Honor's Individual Rules of Practice and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions.

    We thank the Court in advance for its consideration of this request.

Sincerely,<br>
/s/ Jordan Belcastro<br>
Jordan Belcastro

cc: Counsel of Record (via ECF)

---

Plaintiff's materials submitted in conjunction with his Opposition to Defendant's Motion for Summary Judgment are judicial documents to which the common law and First Amendment rights of access apply. *See United States v. Greenwood*, 145 F.4th 248, 255 (2d Cir. 2025) (holding First Amendment right applies to, *inter alia*, documents historically open to press and public); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP,* 814 F.3d 132, 139 (2d Cir. 2016) (holding common law right applies to filed items relevant to the judicial function and useful in the judicial process; *Rowe v. Google LLC*, No. 19-CV-8655, 2022 WL 4467628, at *1 (S.D.N.Y. Sept. 26, 2022) (noting "strong presumption of access" applies to materials filed in conjunction with motion for summary judgment).

Other, countervailing values can outweigh both the First Amendment and common law rights of access. The mere fact that a document was produced subject to the terms of a protective order or confidentiality agreement is insufficient, on its own, to justify sealing. *See, e.g., Hedgeye Risk Mgmt., LLC v. Dale*, No. 21-CV-3687, 2023 WL 6386845, at *5 (S.D.N.Y. Sept. 29, 2023) ("[T]he mere existence of a confidentiality agreement does not demonstrate that sealing is necessary." (internal quotation marks omitted and alteration adopted)). However, the parties also point to the privacy and business interests of non-parties. (*See* Dkt. No. 91 at 1.) These values can overcome the common law right of access and can constitute "higher values" that should be preserved with narrowly-tailored redactions under the First Amendment analysis. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (summary order) (affirming district court decision concluding that interest in protecting confidential business information outweighed qualified First Amendment presumption of public access); *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13-CV-1654, 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015) (concluding, after analyzing the issue under First Amendment and common law frameworks, that confidential information concerning agreement with a non-party entity should be sealed).

The Court determines that the sealing request should be granted. Each of the documents filed under seal implicates both the privacy and business interests of non-parties, as each includes information about those those non-parties' business arrangements and the terms of those arrangements. *See Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12-CV-6608, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (permitting sealing of "non-public information about pricing, credit, and termination terms," that, if made public, could "adversely effect" third-party's "relationships with other dealer-customers . . . [and] other suppliers"). (*See* Dkt. No. 92 Exs. 5, 6, and 10 (documents reflecting non-party's policies); Dkt. No. 92 Exs. 3 and 7 (contractual agreements with non-party), Dkt. No. 92 Exs. 8 and 9 (non-party's terms and conditions of purchase and standards of engagement).) The Court concludes that sealing is appropriate in each instance because the privacy and business interests of the non-parties overcome the common law right of access and because the redactions are narrowly tailored to preserve those privacy interests and no greater than necessary.

So Ordered.  /s/ KMK

November 18, 2025